IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>JOEFET RODRIGUEZ-MORALES<br>Defendant | CRIMINAL 07-0135CCC |

**O R D E R**

Defendant Joefet Rodríguez-Morales has moved to suppress (**docket entry 17**) all items seized during a search conducted by the Commonwealth police at his residence, garage and vehicle, claiming that the warrant which authorized it was issued by a Commonwealth judge without probable cause and based on fabricated information which allegedly was partially obtained from a confidential informant he also asserts does not exist. Defendant has also moved to suppress a black backpack which he claims was seized by the agents in the yard of a separate residence not covered by the search warrant. The United States opposed his request (**docket entry 29**), asserting that defendant's challenge to the veracity of the information contained in the affidavit submitted in support of the search warrant was based on conclusory allegations and, as such, did not require a Franks[1] hearing. As to the black backpack, the government averred that since the property from which it was seized did not belong to defendant or his family, he lacked standing to challenge its seizure and, in any event, it had been abandoned when he left it at the neighbor's yard as he fled from the officers. The matter was referred to U.S. Magistrate-Judge Bruce McGiverin on July 2, 2007 (docket entry 20), and while a hearing was scheduled it was opportunely canceled and a Report and Recommendation issued on August 29, 2007 (**docket entry 31**). The U.S. Magistrate-Judge therein concluded that defendant's allegations of misrepresentations in the warrant's affidavit were unsupported by

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

additional evidence and that the information supplied by the informant was corroborated by the affiant agent, thus recommending that the motion to suppress to the extent it was based on the challenge to the search warrant affidavit be denied.  Regarding the black backpack, the U.S. Magistrate-Judge determined that defendant had failed to show that he had a reasonable expectation of privacy in his neighbor's yard, and also recommended that his request to suppress that item be denied without a hearing.

The Court has considered the Report and Recommendation, as well as defendant's objections filed on September 13, 2007 (**docket entry 32**) and the United States' response to the objections filed on September 25, 2007 (**docket entry 34**).  On the issue of the validity of the warrant affidavit, defendant's objections reiterate his initial challenge to the reliability of the information provided by the anonymous tipster.  We agree with the U.S. Magistrate-Judge that, for the reasons stated in his Report, there was no need to conduct a Franks hearing on this matter and that, overall, defendant's challenge to the warrant affidavit fails.  We also note that, as recognized by defendant himself, the affidavit established, based on the personal observations of the affiant agent, "that two unidentified individuals were selling drugs in the street near the residence and fled towards the inside of [defendant's] residence when they saw [the] Agent."  Objections (docket entry 32), at p. 8.  We add that the agent also observed, as stated in the affidavit, that one of the two individuals had a weapon.[2]  Thus, even if we were to disregard the challenged information provided by the informant, this personal observation of the agent contained in the affidavit would had been sufficient for the Commonwealth judge to find that there was probable cause to issue a search warrant for the residence to which the two individuals fled.  "Probable cause, in the context of granting a search warrant, requires no more than the existence of a 'fair probability' that evidence of a crime will be found."  United States v. Grant, 218 F.3d 72, 75 (1st Cir. 2000).  Accordingly, the U.S. Magistrate-Judge's Recommendation on the request for suppression based on the challenge to the search warrant's supporting affidavit is ADOPTED and the motion in that respect is DENIED.

---

[2]  The information included in the affidavit was not stale; the agent's observation took place on March 14, 2007 and the warrant issued on March 15, 2007.

CRIMINAL 07-0135CCC                              3

As to the issue of the suppression of the black backpack, defendant has complained that the matter was adjudicated without being given the opportunity to present evidence at a hearing. While the U.S. Magistrate-Judge based his recommendation for denial of the suppression motion as to this issue on defendant's failure to submit evidence that would had shown "ownership, possession, control, ability to exclude from, or prior use of his neighbor's yard," Report and Recommendation, at p. 6, defendant claims that he failed to submit a sworn statement addressing this particular issue because the Magistrate-Judge "accepted Defendant's proffer that he opted not to file a sworn statement and instead testify at the suppression hearing to establish standing to contest the seizure of his back pack he had secreted in his neighbor's back yard." Objections, at p. 2. The record is unclear on whether defendant had made such a proffer, let alone on whether the Magistrate-Judge accepted it, but it does show that a suppression hearing had been scheduled by the Magistrate-Judge since July 3, 2007 (see docket entry 22) and that it was not cancelled until the eve of its scheduled date (see docket entry 30). Given that the issue of the seizure of the backpack was not related to the challenge to the warrant's affidavit, where a central issue was whether a Franks hearing would be required at all, defendant could have reasonably believed that even if a Franks hearing was deemed unnecessary by the Magistrate-Judge (as it eventually happened), a suppression hearing would still be held to resolve any factual disputes on the issue of the seizure of the backpack at which time he would have been able to present evidence related to that issue. Defendant, as part of its objections to the Report and Recommendation, has now filed a sworn statement where he alleges that he exercised control and authority over his neighbor's backyard, see Declaration Under Penalty of Perjury, at ¶ 4, and that the backpack was "secreted" in that yard in a place where he "believed that its contents would remain private and free from any intrusions" and "was not abandoned," id., at ¶ 5, while the United States claims in its response to the objections that ""[w]hen defendant saw the agents, he ran into the back of the carport and into the yard, and threw the black backpack and the firearm he was carrying" and "abandoned the property." United States' Reply to Defendant's Objections (docket entry 34), at p. 5. Given the differing factual

versions on how the backpack was identified by the agents and seized, this matter needs to be recommitted to the U.S. Magistrate-Judge for an evidentiary hearing and a supplemental Report and Recommendation.

Accordingly, defendant's suppression motion (**docket entry 17**) is DENIED to the extent it was based on a challenge to the search warrant affidavit, but recommitted to the U.S. Magistrate-Judge for hearing and report and recommendation only on the issue of the seizure of the black backpack.

SO ORDERED.

At San Juan, Puerto Rico, on October 24, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge